IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INDUSTRIAL BANK, N.A. )<br>)<br>  Plaintiff and )<br>    Counterclaim Defendant, )<br>)<br>  v. )<br>)<br>UNITED STATES OF AMERICA, et. al, )<br>)<br>  Defendants and )<br>    Counterclaim Plaintiffs. ) | Civil Action No. 07-cv-291 (RMC) |

## ANSWER AND COUNTERCLAIM

The United States of America and Commissioner of Internal Revenue answer the complaint as follows:

## **ANSWER**

### FIRST DEFENSE

The Commissioner of Internal Revenue, in his individual capacity, is not a proper party to this action, and should be dismissed as a party defendant.

### SECOND DEFENSE

To the extent that the plaintiff has requested a declaratory judgment regarding the nature, extent, and priority of federal tax liens and the propriety of a federal tax levy, this Court lacks jurisdiction, and the complaint fails to state a

2373224.2

claim upon which relief can be granted.  Under 28 U.S.C. § 2201(a), declaratory judgments are prohibited in federal tax cases.

## THIRD DEFENSE

To the extent that the plaintiff has requested injunctive relief in a matter in which other remedies – including money damages and a return of property – are both available and appropriate, the relief requested is improper.  <u>See</u> 26 U.S.C. §7426(b)(1).  Accordingly, this Court lacks jurisdiction, and the complaint fails to state a claim upon which relief can be granted, and should be dismissed.

## FOURTH DEFENSE

FOR ITS FURTHER ANSWER, the United States and the Commissioner respond to the numbered paragraphs of the complaint as follows:

1. Admits.

2. Admits.

3. Denies.

4. Admits.

5. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 5.

6. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 6.

7. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 7.

8. Admits.

9. Admits.

10. Admits.

11. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 11.

12. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 12.

13. Admits.

14. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 14.

15. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 15.

16. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 16.

17. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 17.

2373224.2

18. Admits second sentence of paragraph 18. Without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 18.

19. Admits.

20. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 20.

21. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 21.

22. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 22.

23. Admits first two sentences of paragraph 23. Without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained within paragraph 23.

24. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 24.

25. Without knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph 25.

26. Admits.

27. Admits.

28. Admits.

29. Admits.

30. Admits.

31. Admits only that the notices of Federal tax lien were filed after the Bank's financing statements, and denies the remainder of the allegations contained within paragraph 31.

32. Denies.

33. Admits only that the bank has provided the Internal Revenue Service with some documents regarding its claim, and denies the remainder of the allegations contained within paragraph 33.

34. Admits only that the Internal Revenue Service has refused to withdraw its notice of levy, and denies the remainder of the allegations contained within paragraph 34.

35. Admits.

36. Denies.

37. The answers to paragraphs 1 through 36 are incorporated by reference.

38. Denies.

39. Denies.

40. The answers to paragraphs 1 through 39 are incorporated by reference.

41. Denies.

42. Denies.

WHEREFORE, the United States of America requests that the relief requested in the plaintiff's complaint be denied, that the complaint be dismissed with prejudice, and that the Court grant such other and further relief as may be deemed just under the circumstances.

## **COUNTERCLAIM**

The United States of America, through undersigned counsel, hereby asserts a counterclaim against the plaintiff, Industrial Bank, N.A., as follows:

43. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1340 & 1345 and by 26 U.S.C. § 7402.

44. Venue is proper in this District pursuant to 28 U.S.C. § 1396.

45. This counterclaim has been authorized and requested by the Chief Counsel for the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401.

46. Nexgen Solutions, Inc. ("Nexgen") did not fully pay its corporate income taxes for 1996 and 1997, its employment tax liabilities for the last three quarters of 2000 and the first quarter of 2001, or its federal unemployment taxes for tax year 2000.

47. As a result of Nexgen's failure to pay federal taxes as described in paragraph 46 above, federal tax liens arose by operation of law and attached to all of Nexgen's property and rights to property then owned or thereafter acquired by Nexgen.

48. Notice of federal tax liens were filed against Nexgen on March 17, 2004 and December 15, 2005 in the amounts of $504,133.77 and $219,469.43, respectively.

49. On or about November 15, 2005, Nexgen and the United States Small Business Administration ("SBA") executed an agreement to settle a pending dispute, whereby the SBA agreed to immediately pay $2,900,000 to Nexgen, and to hold $600,000 to reimburse potential third-party claimants.

50. The federal tax liens described in paragraph 47 attached to the settlement proceeds and the fund held by the SBA.

51. On or about May 15, 2005, Nexgen purported to assign its interest in the settlement fund held by the SBA to Plaintiff.

52. On or about January 18, 2006, Plaintiff sent SBA notification of its claim to the settlement fund, and demanded an immediate payment of $50,000.

53. On or about March 24, 2006, Plaintiff received payment of $50,000 from the settlement fund.

54. On August 11, 2006, the United States served a Notice of Levy on the SBA, seeking to collect Nexgen's unpaid income and employment taxes from any property of Nexgen – including the settlement fund – held by the SBA.

55. Any interest that Plaintiff held in the settlement fund was not properly secured by a valid lien.

56. Moreover, even if Plaintiff's liens were valid, the federal tax liens are superior liens.

57. The $50,000 payment to Plaintiff by the SBA was subject to the United States' tax liens.

58. The United States is entitled to foreclose its federal tax lien attached to the settlement fund.

59. The United States federal tax liens attached to the settlement funds, including the $50,000 payment, should be foreclosed.

60. To the extent that Plaintiff has dissipated or commingled the $50,000 payment, such dissipation or commingling constituted a tortious conversion of the United States' federal tax liens.

61. The United States has been damaged as a result of the tortious conversion of its federal tax liens by Plaintiff.

WHEREFORE, the United States of America demands judgment against plaintiff Industrial Bank, N.A. in the amount of $50,000, plus statutory interest that has accrued from the time of the payment, together with its costs and attorneys fees and such other and further relief as the Court deems just and proper.

DATED:  April 6, 2007.

          /s/ Dara B. Oliphant
DARA B. OLIPHANT
Trial Attorney, Tax Division
U. S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, DC  20044
Telephone:  (202) 616-2470
e-mail: Dara.B.Oliphant@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the United States of America's ANSWER AND COUNTERCLAIM was served upon the following persons this 6th day of April, 2007, by sending copies by First Class mail, postage prepaid, addressed as follows:

>Alan M. Grochal
>Toyja E. Kelley
>Tydings & Rosenberg, LLP
>100 East Pratt Street, 26th floor
>Baltimore, Maryland 21202

　　　　　　　　　　　　　　　　　　／s／ Dara B. Oliphant
　　　　　　　　　　　　　　　　　　DARA B. OLIPHANT