IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INDUSTRIAL BANK, N.A. ) | |
| ) | |
|   Plaintiff and ) | |
|     Counterclaim Defendant, ) | Civil Action No. 07-cv-291 (RMC) |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, et. al, ) | |
| ) | |
|   Defendants and ) | |
|     Counterclaim Plaintiffs. ) | |

### DISCOVERY PLAN

On May 3, 2007, counsel for the parties conferred pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.3, and, as directed by the Court's April 19, 2007 order, submit the following report and discovery plan :

**I.      Brief Statement of the Case:**

This case involves a dispute over the proceeds of a settlement fund established pursuant to an agreement between Nexgen Solutions, Inc. and the U.S. Small Business Administration.  The plaintiff, Industrial Bank, N.A., believes that it is entitled to the proceeds of the settlement fund because it issued loans to Nexgen and filed its liens before any federal tax lien, and should prevail under the theory of "first in time, first in right."  *See* Md. Code Comm. Law §9-322 (2007) and D.C. Code § 28:9-322 (2007).  The defendant, the United States,

disputes the plaintiff's claim because (1) the plaintiff does not appear to have perfected its liens by filing required continuation statements, *see* Md. Code Comm. Law. § 9-515; (2) the plaintiff failed to perfect its judgment by executing on Nexgen's personal property, *see* Md. Code Cts. & Jud. Proc. §11-403; and (3) the settlement fund is after-acquired property to which the plaintiff's liens and the federal tax liens attached simultaneously, and therefore, the government's liens have priority under United States v. McDermott, 507 U.S. 447 (1993).

Moreover, the United States has counterclaimed for the return of $50,000 that the plaintiff forced the SBA to turn over in March 2006. The plaintiff denies that this payment was mistaken and should be returned.

**II.    Report:**

    (1)    Dispositive Motions.  No dispositive motions are currently pending. The parties agree that, once the facts are fully developed, that this case is likely to be resolved by dispositive motion, but at this time, a dispositive motion would be premature.

    (2)    Date to Join Parties/Amend Pleadings.  The parties agree that this should be accomplished within 30 days of the Initial Scheduling Conference.

(3) <u>Assignment to Magistrate Judge.</u>  While the parties do not have any general objections to the assignment of this case to a magistrate judge, the parties believe that Judge Collyer is best suited to hear this case, as she is assigned to the related case, 1:06cv01431, which involves the plaintiff and the Small Business Administration, and is already familiar with some of the facts.

(4) <u>Possibility of Settlement.</u>  The parties are unsure of whether the case can be settled, but are both willing to explore the possibility.

(5) <u>Alternative Dispute Resolution.</u>  The parties would consider mediation, such as a court-ordered settlement conference, at some point following the close of discovery.

(6) <u>Summary Judgment or Motion to Dismiss.</u>  As noted above, the parties agree that a dispositive motion is likely to be filed following fact discovery.  The parties propose the following schedule:

    (a) Motions deadline:  45 days following the close of discovery;

    (b) Response deadline: 20 days after the motions deadline;

    (c) Reply deadline: 10 days after the response deadline; and

    (d) Date for decision on motion:  60 days after briefing is completed.

(7) <u>Initial Disclosures Required by Rule 26(a)(1).</u> The parties agree that the initial disclosures required by Fed. R. Civ. P. 26(a)(1) can be dispensed with. In the alternative, the parties will make these disclosures no later than 10 days after the Initial Scheduling Conference.

(8) <u>Discovery.</u> The parties agree that the government is entitled to fact discovery on the plaintiff's claims. It does not appear that any protective order or limits on discovery, other than those already established by the Federal Rules, should be imposed. The parties request 90 days for the completion of all fact discovery.

(9) <u>Expert Witnesses.</u> The parties agree that expert witnesses are unlikely to be needed in this case.

(10) <u>Rule 23 Proceedings.</u> The parties agree that Rule 23 is inapplicable in this case, as this is not a class action.

(11) <u>Bifurcation.</u> The parties agree that bifurcation seems unnecessary at this time.

(12) <u>Pretrial Conference.</u> The parties agree that the pretrial conference should be held 60 days after the reply briefs to any dispositive motion are required to be filed, so as to give the court sufficient time for a decision on the motion.

(13) <u>Trial Date.</u> The parties agree that a trial date should be set at the Final Pretrial Conference, rather than the Initial Scheduling Conference.

(14) <u>Other Matters.</u> The parties do not believe that there are any other matters needing to be addressed at this time.

### III. **Proposed Schedule:**

(1) Deadline for Rule 26(a)(1) Disclosures, if not dispensed with: June 8, 2007.

(2) Deadline for Joining Parties/Amending Pleadings: June 29, 2007.

(3) Deadline to complete all discovery: August 24, 2007.

(4) Deadline to file dispositive motions: October 12, 2007.

(5) Deadline to respond to dispositive motions: November 2, 2007.

(6) Deadline to reply to responses to dispositive motions: November 16, 2007.

(7) Proposed due date for Court's decision on dispositive motion: January 18, 2008.

(8) Final Pretrial Conference: January 18, 2008.

(9)     Trial:   Date to be set at Final Pretrial Conference.

A proposed order setting these dates is attached.

Dated: May 11, 2007.

                        Respectfully submitted,

| For the Plaintiff: | For the Defendant: |
|---|---|
| /s/ Toyja E. Kelley | /s/ Dara B. Oliphant |
| ALAN M. GROCHAL | DARA B. OLIPHANT |
| TOYJA E. KELLEY | Trial Attorney, Tax Division |
| Tydings & Rosenberg, LLP | U. S. Department of Justice |
| 100 East Pratt Street, 26th floor | P.O. Box 227, Ben Franklin Station |
| Baltimore, MD  21202 | Washington, DC  20044 |
| Telephone: (410) 752-9700 | Telephone:  (202) 616-2470 |
| | e-mail: Dara.B.Oliphant@usdoj.gov |
| | |
| | OF COUNSEL: |
| | |
| | JEFFREY A. TAYLOR |
| | United States Attorney |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INDUSTRIAL BANK, N.A.  )<br>  )<br>  Plaintiff and  )<br>    Counterclaim Defendant,  ) Civil Action No. 07-cv-291 (RMC)<br>  )<br>  v.  )<br>  )<br>UNITED STATES OF AMERICA, et. al,  )<br>  )<br>  Defendants and  )<br>    Counterclaim Plaintiffs.  ) | |

### ORDER SETTING DISCOVERY AND MOTIONS DEADLINES

This ___ day of _____, 2007, upon consideration of the report and discovery plan jointly submitted by the parities, the Court orders the following:

(1) All parties are to be joined, and all pleadings amended no later than **June 29, 2007.**

(2) All discovery must be completed no later than **August 24, 2007.**

(3) Dispositive motions must be filed no later than **October 12, 2007.** Responses to said motions must be filed no later than **November 2, 2007.** Reply briefs, if any, must be filed no later than **November 16, 2007.**

(4) The Final Pretrial Conference will take place on **January 18, 2008.** At that time, the Court will set a date for trial, which will occur 30 to 60 days thereafter.

_____
UNITED STATES DISTRICT JUDGE