IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INDUSTRIAL BANK, N.A.,            )
                                 )
  Plaintiff and                  )
    Counterclaim Defendant,      )   No.: 07-cv-291 (RMC)
                                 )
  v.                             )
                                 )
UNITED STATES, et al.,           )
                                 )
  Defendants and                 )
    Counterclaim Plaintiffs.     )

## UNITED STATES' OPPOSITION TO PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

Industrial Bank's motion for summary judgment asserts that its "security interest" primes the United States' federal tax liens because the Bank's interest: (1) was specific and choate when the Bank obtained its confessed judgment against Nexgen; and (2) the Settlement Agreement arose out of two definite and enforceable pre-existing contracts." (Pl.'s Mem. of Law 12.) These arguments fail. First, the Bank has not complied with the requisite filing requirements regarding its financing statements or obtained a judgment lien. Second, the Bank does not meet the requirements to be afforded the protections pursuant to 26 U.S.C. § 6323. Third, the United States' secured federal tax lien has priority over the Bank's unsecured claims. Industrial Bank's motion for summary judgment should be denied. Fourth, the United States is entitled to the common law right of set off.

## Argument

### I.     Standards of Law

Summary judgment is appropriate when the pleadings and evidence demonstrate "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The party seeking summary judgment bears the initial burden of establishing "the absence of a genuine dispute of material fact."  Haney v. Marriott Int'l, Inc., No. 05-2501, 2007 U.S. Dist. LEXIS 74872 at *6 (D.D.C. Oct. 9, 2007) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

### II.     The Bank's financing statements have expired

Maryland and the District of Columbia have adopted identical statutes regarding financing and continuation statements. "[A] filed financing statement is effective for a period of five years after the date of filing."  Md. Code Ann. Com. Law § 9-515(a); 2001 D.C. Stat. § 28:9-515(a). "The effectiveness of a filed financing statement lapses on the expiration of the period of its effectiveness unless" a timely continuation statement is filed.  Md. Code Ann. Com. Law § 9-515(c); 2001 D.C. Stat. § 28:9-515(c).  "A continuation statement may be filed only within six months before the expiration of the five-year period. . ."  Md. Code Ann. Com. Law § 9-515(d); 2001 D.C. Stat. § 28:9-515(d).

Industrial Bank asserts that it filed its financing statements on July 16, 1997.  (Pl.'s Mem. of Law 6.)  To support this contention, the Bank submitted one financing statement filed in Maryland and two financing statements filed in the District of

Columbia as exhibits to its memorandum of law. (Pl.'s Mem. of Law Ex. 3.)[1] Pursuant to both Maryland and District of Columbia law, these financing statements expired after five years, absent the filing of a valid continuation statements. See Md. Code Ann. Com. Law § 9-515(c); 2001 D.C. Stat. § 28:9-515(c).

Industrial Bank has failed to allege, let alone establish, that it has valid security interests by filing the required continuation statements. See Md. Code Ann. Com. Law § 9-515(c); 2001 D.C. Stat. § 28:9-515(c). This omission is telling. In fact, the Bank's financing statements in both Maryland and the District of Columbia have expired.

Industrial Bank filed its financing statement with the Maryland State Department of Assessments and Taxation on July 16, 1997. (See Pl.'s Mem. of Law Ex. 3.) The Maryland Department of Assessments and Taxation internet database shows that the Bank's financing statement against Nexgen has "lapsed." (See Second Weir Decl. ¶2, Ex. 105.) The Bank, therefore, does not have a valid security interest pursuant to its Maryland financing statement. See Md. Code Ann. Com. Law §§ 9-515(a) & (c).

In the District of Columbia, Industrial Bank filed financing statements regarding Nexgen on September 18, 1995, and October 2, 1996. (See Pl.'s Mem. of Law. Ex. 3; Second Weir Decl. ¶¶3, 6; Pl.'s Mem. of Law Ex. 3.) For these financing statements, Industrial Bank filed its first set of continuation statements on August 25, 2000, and

---

[1] While not referenced within Industrial Bank's pleadings, it appears that the Bank filed an additional financing statement on April 19, 1995. (See Second Weir Decl. ¶ 9.) This financing statement has lapsed for the same reasons, discussed *infra*, as the two financing statements attached to Industrial Bank's memorandum of law in support of its motion for summary judgment. (See Second Weir Decl. ¶¶ 10, 11.)

3188861.11

September 21, 2001.  (See Second Weir Decl. ¶¶4, 7.)  These continuation statements were timely filed within six month period preceding the expiration of the original financing statements.  See 2001 D.C. Stat. § 28:9-515(a) & (d).

Industrial Bank's subsequent continuation statements, however, were not timely filed.  Continuation statements are effective for five years.  See 2001 D.C. Stat. § 28:9-515(e).  Therefore, the Bank was required to file a second set of continuation statements no later than August 25, 2005, and September 21, 2006.  See 2001 D.C. Stat. § 28:9-515(c) &(e). It failed to do so.

Instead, the Bank filed continuation statements on June 28, 2007.  (See Second Weir Decl. ¶¶ 5, 8.)  The second set of continuation statements were filed more than five years after the date the original continuation statements were filed.  (See Second Weir Decl. ¶¶ 4-5, 7-8.)  As a result, the financing statements had clearly lapsed prior to the Bank's tardy continuation statements being filed.  2001 D.C. Stat. § 28:9-515(c) & (d).  Industrial Bank, therefore, does not have a valid security interest pursuant to its financing statements filed in the District of Columbia.

Industrial Bank's financing statements in both Maryland and the District of Columbia have lapsed.  Put simply, Industrial Bank cannot claim to be a "holder[] of a security interest" as described in 26 U.S.C. § 6323(a) that is entitled to protection status because it no longer holds an enforceable security interest pursuant to either Maryland or District of Columbia law.  See Md. Code Ann. Com. Law §§ 9-515(c); 2001 D.C. Stat. § 28:9-515(c) (each stating that "[u]pon lapse, a financing statement ceases to be effective

and any security interest . . . that was perfected by the financing statement becomes

unperfected, unless the security interest is perfected otherwise.")

### III.     The Bank has not fulfilled the requirements necessary to become a judgment lien creditor

Plaintiff's summary judgment motion is, once again, silent regarding whether the

Bank has fulfilled the requirements to become a "judgment lien creditor" entitled to

protection pursuant to 26 U.S.C. § 6323(a).  Section 6323(a) creates a protection for

"judgment lien creditors" against a federal tax lien unless a notice of federal tax lien has

been filed.  26 U.S.C. § 6323(a).  Under the statute, a "judgment lien creditor" is defined

as a "person who has obtained a valid judgment" for a "certain sum of money" and has

"perfected a lien under the judgment on the property involved."  26 C.F.R. §

301.6323(h)-1(g).

> [A] judgment lien creditor is not perfected until the identity
> of the lienor, the property subject to the lien, and the amount
> of the lien are established. . . .If under local law levy or
> seizure is necessary before a judgment lien becomes effective
> against third parties acquiring liens on personal property,
> then a judgment lien under such law is not perfected until
> levy or seizure of the personal property involved." 26 C.F.R.
> § 301.6323(h)-1(g).

Pursuant to Maryland law, a "writ of execution on a money judgment does not

become a lien on the personal property of the defendant until an actual levy is made.

The lien extends only to the property included in the levy."  Md. Code Ann. Cts. & Jud.

Proc. § 11-403.

Here, the Bank asserts that its "security interest in collateral covered by its

3188861.11

written security agreement" remained effective via its "confessed judgment".[2] (Pl.'s Mem. of Law 6.)  This assertion is incorrect as a matter of law because the Bank has not complied with the requirements of 26 U.S.C. § 6323(a), 26 C.F.R. § 301.6323(h)-1(g), and Md. Code Ann. Cts. & Jud. Proc. § 11-403.

The Bank does not fulfil the definition of a "judgment lien creditor" entitled to protection under 26 C.F.R. § 301.6323(h)-1(g) for two reasons.  First, the "property subject to the lien" was not established prior to the date the settlement agreement was signed.  Second, Industrial Bank failed to levy upon personal property pursuant to the confessed judgment, as required to create a judgment lien under Maryland law.

The contracts between Nexgen and the SBA were "no cost" contracts which did not obligate the SBA to make any payments to Nexgen.  (Klein Decl. ¶¶ 3, 7, 11, 14.)  The SBA made no payments to Nexgen pursuant to the contracts. (Klein Decl. ¶¶ 8, 12, 15.)  Because the contracts contained no payment obligations, the settlement agreement, and the payments contained therein, were unknown and undefined until the settlement agreements were reached.  As such, the "property subject to the lien" was not known until November 14, 2004, which is after the United States filed its notice of federal tax lien.  (See Klein Decl. ¶ 20; Praecipe 1; Weir Decl. ¶2; Weir Decl. Ex. 1.)

Further, the Bank failed to perfect under Maryland state law as is required to

---

[2]Industrial Bank's memorandum of law fails to articulate the statute or provision under which its "written security agreement" was transferred and/or "remains effective, via its confessed judgment."  (Pl.'s Mem. of Law 6).  In fact, its security interest from the Maryland financing statement has expired (See Section II, *supra*) and its "confessed judgment" does not even constitute a lien under federal and Maryland law. (See Section III, *infra*.)

obtain a judgment lien.   26 C.F.R. § 301.6323(h)-1(g); Md. Code Ann. Cts. & Jud. Proc. §

11-403.  Plaintiff has submitted no evidence establishing that it has levied or garnished

Nexgen's personal property.  Conversely, its statement of undisputed material facts

admits that "[t]he Bank <u>agreed not to levy on its judgment</u> based on Nexgen's

assurances that its outstanding debt would be satisfied by payment on an indefinite

timetable through the proceeds from two contracts it had with the SBA." (Pl.'s Mem. of

Law 2-3.)

　　　The Bank has failed to allege or establish that it has fulfilled the requirements of

26 U.S.C. § 6323(a), 26 C.F.R. § 301.6323(h)-1(g), and Md. Code Ann. Cts. & Jud. Proc. §

11-403 .  Accordingly, it is not afforded the protection granted to judgment lien

creditors under 26 U.S.C. § 6323(a).

### IV.    Industrial Bank is not entitled to any super-priority protection afforded by 26 U.S.C. § 6323, therefore United States' secured claims are superior

　　　26 U.S.C. 6323(c) provides super-priority protection to "certain commercial

transactions financing agreements."  Industrial Bank does not meet the established

criteria for protection under section 6323(c).

　　　Industrial Bank may not claim super-priority protection from a commercial

transactions financing agreement because it does not have a security interest, which is

an antecedent requirement when determining if the protection applies.[3] <u>See Bremen</u>

---

[3]Because Industrial Bank does not have a security interest as required to assert
super priority protection pursuant to 26 U.S.C. § 6323, for the purpose of brevity the
United States does not herein discuss that "45 day rule" and how it further precludes
plaintiff's motion for summary judgment.  However, the United States herein
incorporates its argument contained within section II(B)(ii) of its memorandum of law

3188861.11

Bank and Trust Co. v. U.S., 131 F.3d 1259, 1264 fn. 1(8th Cir. 1997) (stating that "[f]or purposes of § 6323, a 'security interest' is actually what is more commonly understood as a perfected security interest. See 26 U.S.C. § 6323(h)(1) (defining an existing security interest as 'any interest in property acquired by contract for the purpose of securing payment or performance of an obligation' for which the collateral is in existence, the secured party 'has parted with money or money's worth,' and 'the interest has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation'")); Am. Investment Financial v. United States, 476 F.3d 810, 813 (10th Cir. 2006) (explaining that section 6323(c) gives "a commercial lien (i.e. a security interest)" priority when other conditions are met.).

Therefore, Industrial Bank has no super-priority protection under section 6323(c).

## V.    Industrial Bank misconstrues SBA-Nexgen contracts

Assuming, *arguendo*, that Industrial Bank had a security interest and/or lien regarding Nexgen's interests in the settlement fund, it misconstrues the nature of the contract between Nexgen and the SBA.  Industrial Bank claims that its purported security interests and liens take priority over the federal tax lien because the settlement payment was created by "two definite and enforceable pre-existing contracts."  (Pl.'s Mem. of Law 5, 12.)  To support this assertion, the Bank claims that Nexgen acquired contractual rights to payment from its contracts with Nexgen "because it entered into a binding agreement to render services in exchange for payment, which obligated both

---

in support of its motion for summary judgment.

parties to fulfill their promises or be subject to a breach of contract."[4]  (Pl.'s Mem. of Law 11.)  This claim is unfounded.

The contracts between the SBA and Nexgen were "no cost" contracts under which the SBA was not required to make any payments to Nexgen.  (Klein Decl. ¶¶ 7, 11, 14.).  Prior to the contracts termination, the SBA made no payments to Nexgen pursuant to the contracts.  (Klein Decl. ¶¶ 8, 12, 15.)  Nexgen received payments directly from participants in its electronic marketplace, rather than from the SBA.  (Klein Decl. ¶ 4.)

Nexgen's claims that the contracts created a right to payment leading to the settlement agreement are wholly unsupported by the record.

## V.    The United States is entitled to the common law right of set off

The right of offset, also known as set-off, allows a party "to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due him."  United States v. Munsey Trust Co., 332 U.S. 234 (1947). The United States is afforded the right of set off similar to any other creditor.  Id. at 239; Glassman Construction Co. v. Casualty Co., 356 F.2d 340, 342 n. 1(D.C. Cir. 1965).

Nexgen solutions is indebted to the United States in the following amounts, plus statutory interest and accruals: $78,162.81 for federal income tax liabilities, $692,361.82

---

[4]Notably, while the Bank made the representation that the contract resulted in a "binding agreement to render services in exchange for payment" by the SBA, it did not attach the contracts as exhibits to its memorandum of law and/or quote the language of the contracts that gave rise to an exchange of services for payment.

3188861.11

for federal employment tax liabilities and $397.50 for unemployment tax liabilities. (Weir Decl. ¶¶ 5, 7, 9.) The United States Department of the Treasury is currently in the possession of an estimated $160,000, which constitutes the remainder of the settlement fund between Nexgen and the SBA. (Klein Decl. ¶ 23.) The United States is entitled to offset Nexgen's outstanding federal tax liabilities against the cash that it currently holds. As such, Industrial Bank is not entitled to any of the funds in the United States' possession.

## Conclusion

Industrial Bank has failed to establish an absence of genuine material fact. First, the Bank has failed to allege and establish that it has either a valid security interest or a judicial lien against Nexgen. In fact, its financing statements have expired and it has not complied with Maryland law required to establish a judicial lien. As such, it is not afforded protection pursuant to 26 U.S.C. § 6323(a) or(c). Second, the claims of the United States are superior because they are properly secured. Third, the United States is entitled to the common law right of set off. Industrial Bank's motion for summary judgment should be denied.

3188861.11

Dated: April 9, 2008

Respectfully submitted,

_____/s/ Benjamin J. Weir_____
BENJAMIN J. WEIR (D.C. Bar No. 494045)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-0855
Fax: (202) 514-6866
benjamin.j.weir@usdoj.gov
*Counsel for United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

3188861.11

**<u>CERTIFICATE OF SERVICE</u>**

I, Benjamin J. Weir, certify that on April 9, 2008, I caused a copy of the foregoing United States' opposition to plaintiff's motion for summary judgment to be served upon the following via the Court's ECF protocol:

> Alan M. Grochal
> Toyja E. Kelley
> Tydings & Rosenberg, LLP
> 100 East Pratt Street, 26th floor
> Baltimore, Maryland 21202
> agrochal@tydingslaw.com
> tkelley@tydingslaw.com.

> /s/Benjamin J. Weir
> _____ BENJAMIN J. WEIR

3188861.11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INDUSTRIAL BANK, N.A.,                        )
                                              )
   Plaintiff and                              )
      Counterclaim Defendant,                 )   No.: 07-cv-291 (RMC)
                                              )
   v.                                         )
                                              )
UNITED STATES, et al.,                        )
                                              )
   Defendants and                             )
      Counterclaim Plaintiffs.                )

## UNITED STATES' STATEMENT OF GENUINE ISSUES

The United States responds to the paragraphs contained within plaintiff's undisputed material facts as follows:

1.      Admits that Industrial Bank extended loans to Nexgen totaling more than $300,000. Disputes the remainder of the allegations contained in the first paragraph. (See Def.'s Mem. of Law § II.)

2.      Disputes that the Bank "exercis[ed] its rights as a perfected secured creditor." (See Def.'s Mem. of Law §§ II & III.) Admits the remainder of the facts contained in the second paragraph.

3.      Disputes that the "SBA had wrongfully terminated its contracts with Nexgen." (See Klein Decl. ¶ 19.) Disputes that the quotations contained in the second constitutes the "relevant part" of the settlement agreement between the SBA and Nexgen. (See Klein Decl. ¶¶ 21-25.) Admits the remaining facts contained in the third paragraph.

4.     Disputes the second sentence contained within paragraph four because it fails to contain a reference to the record as required by Local Civil Rule 56.1.  Disputes the allegations contained within the third and fourth sentences as they cite to unauthenticated documents that are not admissible evidence.  Disputes the allegations contained within the fifth sentence of paragraph four to the extent it states that the SBA made a $50,000 payment to Industrial Bank "pursuant to the Notice of Assignment." (See Klein Decl. ¶ 26.)

5.     Disputes the third sentence of fifth paragraph because Industrial Bank does not have a superior claim to the settlement agreement proceeds.  (See Def.'s Mem. of Law; Def.'s Mot. Summ. J. and Def.'s Mem. of Law.)  Disputes the fourth sentence of the fifth paragraph because it because it fails to contain a reference to the record as required by Local Civil Rule 56.1.

Dated: April 9, 2008

Respectfully submitted,

    /s/ Benjamin J. Weir
BENJAMIN J. WEIR (D.C. Bar No. 494045)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-0855
Fax: (202) 514-6866
benjamin.j.weir@usdoj.gov
*Counsel for United States*

3189781.1

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

3

## CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on April 9, 2008, I caused a copy of the foregoing to

be served upon the following via the Court's ECF protocol:

> Alan M. Grochal
> Toyja E. Kelley
> Tydings & Rosenberg, LLP
> 100 East Pratt Street, 26th floor
> Baltimore, Maryland 21202
> agrochal@tydingslaw.com
> tkelley@tydingslaw.com.

/s/Benjamin J. Weir

BENJAMIN J. WEIR

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INDUSTRIAL BANK, N.A., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim Defendant, | ) | No.: 07-cv-291 (RMC) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
| Defendants and | ) | |
| Counterclaim Plaintiffs. | ) | |

## SECOND DECLARATION OF BENJAMIN J. WEIR

I, Benjamin J. Weir, counsel for the defendant in the above captioned matter,
declare pursuant to 28 U.S.C. § 1746 as follows:

1.     I am employed as a trial attorney with the Tax Division of the United
States Department of Justice.  In this capacity I am one of the attorneys that has
litigation responsibility for the above captioned case.

2.     Attached hereto as Exhibit 105 is a true and correct copy of a print out
from the Maryland Department of Assessments and Taxation website, which can be
searched for security interest and UCC filings utilizing the "Business Data Search"
feature. (available at: http://www.dat.state.md.us/) (last viewed April 8, 2008).

3.     Attached hereto as Exhibit 106 is a true and correct copy of a financing
statement filed by Industrial Bank against Nexgen on September 18, 1995, which was
obtained from the Washington, D.C. Recorder of Deeds searchable online database.
(available at: http://www.washington.dc.us.landata.com/#) (last visited Apr. 8, 2008).

1

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 9, 2008.

_____
BENJAMIN J. WEIR
Washington, District of Columbia

3188486.1

**Maryland Department of Assessments and Taxation**

**Taxpayer Services Division**
301 West Preston Street W Baltimore, MD 21201   (2007 vw2.3)

**Main Menu | Security Interest Filings (UCC) New Search | Business Entity Information (Charter/Personal Property) | Rate Stabilization Notices | Get Forms | Certificate of Status | SDAT Home**

Taxpayer Services Division

**NEXGEN SOLUTIONS INC**
**Filing Details (History)**

**Filing Status: LAPSED**

All records received by the Department through 04/02/2008 are shown.

| Debtor Information for File Number: 0000000171988033 |
|---|

**Name**

NEXGEN SOLUTIONS, INC.

**Address**

SEE MICROFILM

| Secured Party Information for File Number: 0000000171988033 |
|---|

**Name**

INDUSTRIAL BANK, NATIONAL ASSOCIATION

**Address**

SEE MICROFILM

# EXHIBIT 106

2915584.1

This FINANCING STATEMENT is presented to a filing officer for filing pursuant to the Uniform Commercial Code.

Debtor(s) (Last Name (first) and mailing address:

**NEXGEN Solutions, Inc.**
1010 Vermont Avenue, N.W., #400
Washington, DC 20005

Secured Party(les) Name and address:

**INDUSTRIAL BANK, NATIONAL ASSOCIATION**
2022 ELEVENTH STREET N.W.
WASHINGTON, DC 20001

Name and address of Assignee of Secured Party:

This Financing Statement covers the following types (or items) of collateral (if collateral is crops growing or to be grown or goods which are or are to become fixtures, also describe real estate concerned and add name and address of record owner or record lessee of real estate):

**All Inventory, Chattel Paper, Accounts, Equipment, General Intangibles and Fixtures;** whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds).

**This Financing Statement is to be recorded in the real estate records. Some or all of the collateral is located on the following described real estate:   1316 Vermont Avenue, N.W., Washington, D.C. 20005**

Name and address of record owner or lessee of real estate concerned:

Check ☒ Secured   ☒ Proceeds of collateral are also covered.   ☒ Products of collateral are also covered.   Number of additional sheets presented: . . . . .

**File with: Recorder of Deeds of District of Columbia**

This statement is filed without the debtor's signature to perfect a security interest in collateral (check appropriate box)

☐ already subject to a security interest in the state of _____ when it was brought into this state, or

☐ which is proceeds of the original collateral described above in which the security interest was perfected.

NEXGEN Solutions, Inc.

By: _____
Signature(s) of Debtor(s)

Edward Hawkins, Jr., President

(1) Debtor Copy.

INDUSTRIAL BANK, NATIONAL ASSOCIATION

By: _____
Signature(s) of Secured Party(les)

# EXHIBIT 107

2915584.1

Doc# 2008077049

**STATEMENT OF CONTINUATION, TERMINATION, RELEASE, ASSIGNMENT, ETC.**
**(UUC-3)**

This STATEMENT is presented to a filing Officer for filing pursuant to the Uniform Commercial Code:

1. Debtor Name and Address:

   **Nexgen Solutions, Inc.**
   1010 Vermont Avenue, NW, #400
   Washington, D.C. 20005

2. Secured Party and Address:

   **Industrial Bank, NA**
   formerly known as Industrial Bank of Washington
   2002 11th Street, NW
   Washington, D.C. 20001

3. Maturity Date (if any):

4. This Statement refers to original Financing Statement bearing
   File No.: **9500017656**              Filed Date: **09/18/95**
   Filed with: Recorder of Deeds of District of Columbia (chattel);

☑ **CONTINUATION**
The original Financing Statement between the foregoing Debtor and Secured Party, bearing file number shown above, is still effective.

☐ **TERMINATION**
The original Financing Statement identified above by the file number is terminated and the Secured Party no longer claims a security interest under the financing statement.

☐ **RELEASE**
From the property described in the original Financial Statement identified above, the property described below is released.

☐ **ASSIGNMENT**
The Secured Party assigns to the Assignee named below the rights of the secured party under the original Financing Statement identified above.

☐ **OTHER** – Change of Address:

Secured Party:

Industrial Bank, NA

By: _Roydell Stephens_
    Roydell Stephens,
    Loan Operations Officer

**After recording return to:**

**Industrial Bank, NA**
2002 11th Street, NW
Washington, D.C. 20001
Attn: Roydell Stephens
Commercial Loan Dept.

Doc# 2000077049
Book:
Page:
Filed & Recorded
    08/25/2000   02:58:35 PM
HENRY M. TERRELL
RECORDER OF DEEDS
WASHINGTON D.C. RECORDER OF DEEDS
   SURCHARGE          $       5.00
   RECORDING          $      15.00

# EXHIBIT 108

Doc# 2007085574
Filed & Recorded
06/26/2007   10:58AM
LARRY TODD
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
SURCHARGE        $      6.50
UCCRECORD        $     40.00
Total:           $     46.50

Doc# 2007085574

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
VIOLET MOSES (202) 722-2000 X 3103

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

INDUSTRIAL BANK, N.A.
2002 11TH STREET, N.W.
WASHINGTON, D.C. 20001

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 2000077049 | |

**2.** ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. ☐ DELETE name: Give record name to be deleted in item 6a or 6b. ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| INDUSTRIAL BANK, N.A. | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

**10. OPTIONAL FILER REFERENCE DATA**
Nexgen Solutions, Inc. #

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

This FINANCING STATEMENT is presented to a filing officer for filing pursuant to the Uniform Commercial Code.

| 1. Debtor(s) (Last Name First) and address(es) | 2. Secured Party(ies) and address(es) | 3. Maturity date (if any) |
|---|---|---|
| Maxon Solutions, Inc. 1010 Vermont Avenue, N.W. Suite 400 Washington, D.C. 20005 | Industrial Bank, N.A. 2002 11th Street, N.W. Washington, D.C. 20001 | For Filing Officer (Date, Time Number and Filing Office) |

95 OCT -2 PM 3: 25

96000 17147

4. This financing statement covers the following types (or items) of property.

SEE SCHEDULE "A" ATTACHED HERETO

5. Assignee(s) of Secured Party and Address(es)

The statement is filed without the debtor's signature to perfect a security interest in collateral.  (check ☒ if so)

☐ already subject to a security interest in another jurisdiction when it was brought into this state.

☐ which is proceeds of the original collateral described above in which a security interest was perfected.

Check ☒ if covered: ☒ Proceeds of Collateral are also covered  ☒ Products of Collateral are also covered  No. ☐ additional Sheets presented.   Filed with

Maxon Solutions, Inc.

President
(Signature of Debtor)

Industrial Bank, N.A.

AVP
(Signature of Secured Party)

(1) Filing Officer Copy—Alphabetical

STANDARD FORM—FORM UCC-1.    (For Use in Most States)



INDUSTRIAL BANK, N.A.          Schedule "A" to UCC-1 Financing Statement

All goods inventory merchandise materials and other personal property now owned or hereafter acquired by Debtor that are held for sale or lease or are furnished or to be furnished under any contract of service or are used or consumed additions or accessions therefore and thereto and

All machinery equipment furniture and fixtures now owned or hereafter acquired by Debtor and used or acquired for use in the business of Debtor together with all accessories thereto and all substitutions and replacements thereof and parts therefor and including but not limited to all listed on the schedule attached hereto and

All cash or non cash proceeds of any of the foregoing including insurance proceeds and

All ledger sheets files records documents and instruments including but not limited to, computer programs tapes and related electronic data processing software evidencing or interest in or relating to the above and

All instruments documents securities cash property and the proceeds of any of the foregoing owned by Debtor or in which Debtor has an interest which now or hereafter are at any time in the possession or control of Secured Party or in transit by mail or carrier to or in the possession of any third party acting on behalf of Secured Party without regard to whether Secured Party received the same in pledge for safekeeping as agent for collection or transmission or whether Secured Party had conditionally released the same

All accounts accounts and notes receivable conditional bills of sale installment contracts contract rights security agreements instruments documents chattel paper repossessions returns deposit accounts rights to payment owing to the Debtor from third parties general intangibles (including but not limited to choses in action tax refunds and insurance proceeds) and any other obligations or indebtedness owed to Borrower from whatever source arising all rights of Borrower to receive any payments in money or kind all guaranties of the foregoing and security therefor all of the right title and interest of Borrower in and with respect to the goods services or other property that give rise to or that secure any of the foregoing and any insurance policies and proceeds relating thereto and all rights of Borrower as an unpaid seller of goods and services including but not limited to the rights of stoppage in transit replevin reclamation and resale and all of the foregoing whether now owned or existing or hereafter created or acquired

Nevbon Solutions  Inc   Debtor
By  Edward Howlette Jr   President

Attest

Corporate Seal

Industrial Bank  N.A.  Secured Party
By  Thomas McLaughlin, Jr  Assistant Vice President

Attest

Corporate Seal



96 OCT -2 PM 3:26

960001714 7

# EXHIBIT 110

2915584.1

**STATEMENT OF CONTINUATION, TERMINATION, RELEASE, ASSIGNMENT, ETC.**
(UCC-3)

Doc# 2001091508

This STATEMENT is presented to a filing officer for filing
pursuant to the Uniform Commercial Code:

1. Debtor Name and address:

   **Nexgen Solutions, Inc.**
   1010 Vermont Avenue, N.W.
   Suite 400
   Washington, D.C. 20005

2. Secured Party and address:

   **Industrial Bank N.A.**
   formerly known as Industrial Bank of Washington
   2002 11th Street, NW
   Washington, D.C. 20001

3. Maturity Date (if any):

4. This statement refers to original Financing Statements bearing
   File No.: **9600017147**    Filed Date: **10/02/96**
   Filed with: Recorder of Deeds of District of Columbia
   (chattel);

☑ **CONTINUATION**
   The original Financing Statement between the foregoing debtor
   and Secured Party, bearing file number shown above, is still
   effective.

☐ **TERMINATION**
   The original Financing Statement identified above by the file
   number is terminated and the secured party no longer claims a
   security interest under the financing statement .

☐ **RELEASE**
   From the property described in the original Financing Statement
   identified above, the property described below is released.

☐ **ASSIGNMENT**
   The secured party assigns to the assignee named below the
   rights of the secured party under the original Financing
   Statement identified above.

☐ **OTHER** - Change of Address:


                              Secured Party:

                              Industrial Bank N.A.

                              By: _Roydell Stephens_
                                  Roydell Stephens,
                                  Loan Operations Officer

After recording return to:

**Industrial Bank, N.A.**
2002 11th Street, N.W.
Washington, DC 20001
Attn: Roydell Stephens
Commercial Loan Dept.



Bcd 2001091500
Book:
Page:
Filed & Recorded
09/21/2001 10:36:43 AM
HENRY RILEY
RECORDER OF DEEDS
WASHINGTON D.C. RECORDER OF DEEDS
SURCHARGE        $        5.00
RECORDING                15.00

# EXHIBIT 111

2915584.1

Doc# 2007085575
Filed & Recorded
06/28/2007  10:58AM
LARRY TODD
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
SURCHARGE          $         6.50
UCCRECORD          $        40.00
Total:             $        46.50

**UCC FINANCING STATEMENT AMENDMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

Doc# 2007085575

A. NAME & PHONE OF CONTACT AT FILER (optional)
VIOLET MOSES (202) 722-2000 X 3103

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

INDUSTRIAL BANK, N.A.
2002 11TH STREET, N.W.
WASHINGTON, D.C. 20001

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 96 00017147 | |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| 7d. TAX ID #: SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any |
|---|---|---|---|---|
| | | | | ☐ NONE |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment. If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| INDUSTRIAL BANK, N.A. | | | |
| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

10. OPTIONAL FILER REFERENCE DATA
Nexsen Solutions, Inc.

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)



# EXHIBIT 112

2915584.1

00147.556

This FINANCING STATEMENT is presented to a filing officer for filing pursuant to the Uniform Commercial Code.

| Debtor(s) (Last Name first) and mailing address | Secured Party(ies) Name and address | For Filing Officer (Date, Time, Number and Filing Office) |
|---|---|---|
| Nexgen Solutions, Inc.<br>1010 Vermont Avenue, N.W., Suite 618<br>Washington, DC 20011 | Industrial Bank of Washington<br>2003 11th Street N.W.<br>Washington, DC 20001 | |

This Financing Statement covers the following types (or items) of collateral (if collateral is crops growing or to be grown or goods which are or are to become fixtures, also describe real estate concerned and add name and address of record owner or record lessee of real estate):

All Inventory, Chattel Paper, Accounts, Contract Rights, Equipment, General Intangibles and Fixtures; together with the following specifically described property: Blanket lien on business assets; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds).

This Financing Statement is to be recorded in the real estate records. Some or all of the following described real estate: 1010 Vermont Ave., N.W., Suite 618, Washington, D.C. 20011

Name and address of Assignee of Secured Party

Name and address of record owner or lessee of real estate concerned

Check ☒ if covered:   ☒ Proceeds of collateral are also covered.   ☒ Products of collateral are also covered.   Number of additional sheets presented:

Filed with:  Recorder of Deeds of District of Columbia

This statement is filed without the debtor's signature to perfect a security interest in collateral (check appropriate box)

☐ already subject to a security interest in the state of _____ when it was brought into this state, or

☐ which is proceeds of the original collateral described above in which a security interest was perfected.

Nexgen Solutions, Inc.

By: _____
Signature(s) of Debtor(s)
Edward Howlette, Jr., President

(1) Filing Officer Copy—Alphabetical.

Industrial Bank of Washington

By: _____
Signature(s) of Secured Party(ies)



# EXHIBIT 113

2915584.1

Doc#.2000032716

**STATEMENT OF CONTINUATION, TERMINATION, RELEASE, ASSIGNMENT, ETC.**
**(UCC-3)**

This STATEMENT is presented to a filing officer for filing
pursuant to the Uniform Commercial Code:

1. Debtor Name and address:

   **NEXGEN SOLUTIONS, INC.**
   1010 Vermont Avenue, N.W., Suite 618
   Washington, DC 20011

2. Secured Party and address:

   **Industrial Bank N.A.**
   formerly known as Industrial Bank of Washington
   2002 11th Street, NW
   Washington, D.C. 20001

3. Maturity Date (if any):

4. This statement refers to original Financing Statement bearing
   File No.: **9500007704**    Filed Date: 04/19/95
   Filed with: Recorder of Deeds of District of Columbia
   (chattel);

☑ **CONTINUATION**
The original Financing Statement between the foregoing debtor
and Secured Party, bearing file number shown above, is still
effective.

❑ **TERMINATION**
The original Financing Statement identified above by the file
number is terminated and the secured party no longer claims a
security interest under the financing statement .

❑ **RELEASE**
From the property described in the original Financing Statement
identified above, the property described below is released.

❑ **ASSIGNMENT**
The secured party assigns to the assignee named below the
rights of the secured party under the original Financing
Statement identified above.

❑ **OTHER** - Change of Address:

Secured Party:

Industrial Bank N.A.

By: _____
   Roydell Stephens,
   Loan Operations Officer

After recording return to:

**Industrial Bank, N.A.**
2002 11th Street, N.W.
Washington, DC 20001
Attn: Roydell Stephens
Commercial Loan Dept.

Doc# 2000032716
# Pages 1
   04/05/00  09:28:39 AM
Filed & Recorded in
Official Records of
WASHINGTON D.C. RECORDER OF DEEDS
HENRY M. TERRELL
RECORDER OF DEEDS
Fees $35.00

# EXHIBIT 114

2915584.1

Doc# 2007085576
Filed & Recorded
06/28/2007  10:58AM
LARRY TODD
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
SURCHARGE        $      6.50
UCCRECORD        $     40.00
Total:           $     46.50

Doc # 2007085576

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]

VIOLET MOSES (202) 722-2000 X 3103

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

INDUSTRIAL BANK, N.A.
2002 11TH STREET, N.W.
WASHINGTON, D.C. 20001

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

1a. INITIAL FINANCING STATEMENT FILE #

2000 033 716

1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☒ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

☐ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME |
|---|

| OR | 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME |
|---|

| OR | 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| 7d. TAX ID #:  SSN OR EIN | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION | 7g. ORGANIZATIONAL ID #, if any ☐ NONE |
|---|---|---|---|---|
| | | | | |

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME |
|---|
| INDUSTRIAL BANK, N.A. |

| OR | 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|---|
| | | | | |

10. OPTIONAL FILER REFERENCE DATA

Nexgen Solutions, Inc.

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 07/29/98)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| INDUSTRIAL BANK, N.A., | ) | |
| | ) | |
|   Plaintiff and | ) | |
|      Counterclaim Defendant, | ) | No.: 07-cv-291 (RMC) |
| | ) | |
|   v. | ) | |
| | ) | |
| UNITED STATES, et al., | ) | |
| | ) | |
|   Defendants and | ) | |
|      Counterclaim Plaintiffs. | ) | |

**ORDER**

Having considered Industrial Bank, N.A.'s motion for summary judgment, the

United States' opposition thereto, and for good cause shown, it is:

ORDERED that Industrial Bank, N.A.'s motion for summary judgment is

DENIED.


Dated: _____, 2008                _____

UNITED STATES DISTRICT JUDGE

3189809.1