IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **INDUSTRIAL BANK, N.A.** | * |
|     **Plaintiff/Counter-Defendant** | * |
| **v.** | *  Civil Action No. 07-CV- 00291 RMC |
| **UNITED STATES OF AMERICA, et al.** | * |
|     **Defendants/Counter-Plaintiffs** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**INDUSTRIAL BANK'S OPPOSITION
TO MOTION FOR SUMMARY JUDGMENT**

Plaintiff/Counter-Defendant Industrial Bank, N.A. ("Bank"), by undersigned counsel, submits this opposition to the defendants' motion for summary judgment, and states as follows:

**Introduction**

The IRS has failed to carry its heavy burden of showing that it is entitled to judgment as a matter of law. The record is replete with uncontested material facts that support the Bank's contention that it – not the IRS – is entitled to summary judgment. Although the IRS in its Motion for Summary Judgment ("IRS Motion") correctly recites federal law concerning lien priority, it is flatly wrong, that the Bank's liens are subordinate to its federal tax liens. The IRS does not dispute the effectiveness of the Bank's perfected security interest.[1] The Bank properly perfected its security interest several years before the IRS first filed its federal tax liens. Accordingly, the Bank's interest in the proceeds of the Settlement Agreement between Nexgen and the SBA takes priority over the IRS' federal tax liens because the Settlement Agreement

---

[1] The IRS conceded in its Motion for Summary Judgment that it "does not contest that Industrial Bank properly filed its financing statements and continuation statements." IRS Motion at 6.

#830248v.1

arose out of two definite and enforceable contracts between Nexgen and the SBA that pre-dated the federal tax liens.

## Argument

I. **The Bank's Perfected Security Interest is Effective and Takes Priority Over the IRS' Federal Tax Liens**

    A.    The Bank's Perfected Security Interest is Specific and Choate

The IRS's argument that the Bank's security interest is not effective turns on boiler plate case law that does little more than recite the "first in time first in right" principle of lien priority and defines what is a federal tax lien. The IRS does not dispute, and to some extent simply ignores, several key facts regarding the Bank's security interest. First, the Bank perfected its interest in **all** of Nexgen's collateral by filing UCC Financing Statements with the District of Columbia Recorder of Deeds on October 2, 1996[2] and with the Maryland State Department of Assessments and Taxation and with on July 16, 1997 – more than seven years **before** the IRS filed its first federal tax lien. *See* Bank's Motion for Summary Judgment at 2. Second, the Bank's security interest in the proceeds of the Settlement Agreement between Nexgen and the SBA arises from two definite and enforceable contracts between Nexgen and the SBA that pre-dated the first federal tax liens and were executed subsequent to the Bank's filing of the UCC Financing Statements. *Id*. at 3. Accordingly, the Bank's lien against the proceeds of the Settlement Agreement did not attach simultaneously with the IRS' federal tax liens as the IRS would lead this Court to believe because the Bank's interest in and right to the proceeds of the

---

[2] Although the Bank attached a copy of the financing statement filed with the District of Columbia Recorder of Deeds to its original Motion for Summary Judgment in this case, it inadvertently did not include the exact date it filed the D.C. financing statement in the body of its motion. Nexgen filed its D.C. financing statement on October 2, 1996.

Settlement Agreement attached at the time Nexgen executed the contracts with the SBA – not when the parties signed the Settlement Agreement.

The IRS's claim that the Bank's lien was inchoate because it cannot show that the proceeds from the Settlement Agreement qualify as "property subject to the lien" prior to the IRS filing of its notice of federal tax lien is nonsensical.  Here, the Bank filed its financing statements in 1996 and 1997 and properly identified Nexgen's collateral covered by the Bank's security interest.[3]  *See* Md. Code Ann., Com. Law § 9-310(a); D.C. Code Ann. § 28: 9-310(a).  The Bank's lien against Nexgen was then specific and choate and remained so on October 19, 2000 and September 30, 2002 when Nexgen and the SBA entered into the contracts that would later result in the Settlement Agreement.  Therefore, the Bank's security interest in collateral covered by its written security agreement with Nexgen takes priority over the IRS' federal tax liens that were not filed until November 15, 2004, more than two years after Nexgen entered into its contracts with the SBA.

## II.  The Bank's Security Interest Takes Priority Over the IRS' Federal Tax Liens

The Bank's security interest in the proceeds of the Settlement Agreement takes priority over the IRS' federal tax liens.  The fact that the Settlement Agreement was not finalized until October 15, 2004 – seven months after the IRS filed its First Notice of Federal Tax Lien – is of no consequence because the Bank's right to the proceeds of the Settlement Agreement arose

---

[3] The Bank's security interest pursuant to the financing statements cover:

> All Inventory, Chattel Paper, Accounts, Equipment, General Intangibles and Fixtures; together with the following specifically described property; Direct Assignments of various contracts; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds).

*See* Exhibit 1 of the Bank's Motion for Summary Judgment.

when Nexgen first executed the underlying contracts in October 2000 and September 2002. *See Dorrough, Parks & Co. v. Aspen Marine Group*, 185 B.R. 46, 49 (E.D. Tenn. 1995) (holding that the IRS did not have priority because the proceeds from the settlement agreement arose pursuant to a pre-existing contract).

In a desperate attempt to avoid this well settled principle, the IRS has asserted that the contracts between Nexgen and the SBA were "no cost" contracts and the proceeds from the Settlement Agreement were not "property subject to the [Bank's] lien." *See* IRS Motion at 7. Even if the pre-existing contracts between Nexgen and the SBA were "no cost" contracts, that is of no consequence to this action because the Bank's security interest covered all assets of Nexgen, see fn. 3, and the Bank's interest in Nexgen's rights to the proceeds of those contracts attached **before** the IRS filed **any** notice of tax lien.[4] The IRS's "no-cost" contract theory turns on the notion that the SBA had no obligation to pay Nexgen under the contracts because no work was performed. However, that is an absurd interpretation of the contracts between Nexgen and the SBA and totally disregards the undisputed facts of this case.

The SBA and Nexgen "promised under a binding agreement [the Contracts] to render . . . services in exchange for payment." and "either party's failure to fulfill its promise would subject that party to suit for breach of contract." *Breman Bank & Trust Co. v. United States,* 131 F.3d 1259, 1265 (8th Cir. 1997). The SBA's obligation to pay Nexgen for work performed under the contracts began at the moment of execution: if this were not true, then the SBA would not have entered into the Settlement Agreement with Nexgen "[f]or the purpose of disposing of any pending or potential claims of NEXGEN Solutions, Inc., . . . arising out of or related to contracts . . . between NEXGEN Solutions, Inc., and the . . . SBA" and paid out $2.9 million dollars. *See*

---

[4] The Bank does not concede that the contracts were "no cost" contracts, but that fact is not material to this Court's resolution of the issues presented in the parties' motions.

Settlement Agreement at 1.  Nexgen acquired a contractual right to payment of all proceeds flowing from its pre-existing contracts with the SBA **before** the IRS filed any notice of federal tax lien against Nexgen.  *See Breman, Bank & Trust Co.,* 131 F.3d at 1264 (stating that if the disputed funds are identifiable proceeds of contract rights, then they "are deemed acquired for purposes of determining priority when the original contract rights were acquired, i.e., when the contract was made").

      Nevertheless, the IRS would have this Court find that it has priority to any settlement funds unless the underlying contract contained a liquidated damages clause specifying the exact amount due upon breach of the contract.  A requirement that all commercial contracts contain liquated damages clauses is illogical and commercially impractical.  The Bank is aware of no law that requires a pre-existing contract to contain any provision for the payment of a specified amount in the event a dispute is settled.  In fact, the IRS has previously conceded that a creditor has priority over its liens without mention of the existence of any such provision.  *See Dorrough, Parks & Co.,* 185 B.R. at 49 (stating that the "IRS acknowledges that if the disputed funds were received by the debtor as payment for work performed under a pre-existing contract, then [the creditor's] security interest should prevail over its tax lien").

      *Dorrough* is instructive here.  The court, held that the secured creditor's perfected security interest took priority over the IRS' federal tax lien in the proceeds of a settlement agreement that arose pursuant to a pre-existing contract between the debtor and third party.  *Dorrough, Parks & Co.*, 185 B.R. at 50.  The court's decision turned on its finding that the debtor and third party had in fact entered into a **definite and enforceable contract**.  *Id.* at 49.  The secured creditor's lien took priority over the IRS' federal tax lien because the court specifically found that the secured creditor had "acquired a security interest . . . in the contract

rights and subsequent proceeds arising from the debtor's **oral contract**." *Id.* at 50 (emphasis added).

Factually, *Dorrough* is analogous and relevant to this case. The Bank of East Tennessee ("BET") made a series of loans to Dorrough, an accounting firm, totaling $1,061,323. The BET secured its loans pursuant to a security agreement entered on December 5, 1988, which encumbered all of debtor's personal property, that it subsequently perfected by filing a financing statement. The IRS then filed a Notice of Federal Tax Lien against Dorrough for $64,704 on February 14, 1992.

An involuntary Chapter 7 petition was subsequently filed against Dorrough on June 18, 1992. Prior to the order of relief being granted, however, Dorrough **settled** a $285K account receivable for professional fees owed to it by Aspen Marine Group. The IRS claimed it was entitled to the settlement proceeds because the settlement agreement between Dorrough and Aspen Marine Group was reached more than 45 days after the Notice of Federal Tax Lien was filed. *Id.* at 49. The IRS, however, did acknowledge "that if the disputed funds were received by the debtor as payment for work performed under a pre-existing contract, then Union Planter's (BET's successor) security interest should prevail over its tax lien." *Id.* Accordingly, after reviewing the evidence, the court concluded that Union Planter's lien took priority over the IRS' lien because the settlement proceeds arose from Dorrough's agreement with Aspen Marine Group, which was entered in 1991, **prior** to the IRS filing its Notice of Federal Tax Lien. *See Id.* at 50 (emphasis added). Accordingly, the Bank's interest in the proceeds of the Settlement Agreement took priority over the IRS' federal tax liens because Nexgen acquired contract rights that were specific and choate under the federal tax code when the contracts were made.

**Conclusion**

For the foregoing reasons, the Bank requests that this Court deny the IRS's motion for summary judgment and enter judgment in favor of the Bank and against the IRS on all counts, including the IRS's counterclaim. The Bank's security interest in Nexgen's collateral remains valid and took priority over the IRS' federal tax liens because: (1) it was specific and choate when the Bank obtained its confessed judgment against Nexgen; and (2) the Settlement Agreement arose out of two definite and enforceable pre-existing contracts.


Dated: April 10, 2008         /s/_____
                              Alan M. Grochal, D.C. Bar No. 315218
                              Toyja E. Kelley, D.C. Bar No. 482977
                              **TYDINGS & ROSENBERG LLP**
                              100 East Pratt Street, 26th Floor
                              Baltimore, Maryland 21202
                              (410) 752-9700

                              **Attorneys for Plaintiff
                              Industrial Bank, N.A.**


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 10th day of April, 2008, a copy of the foregoing Opposition to Motion for Summary Judgment was served electronically upon counsel for the IRS via the CM/ECF system.


                              /s/_____
                              Toyja E. Kelley