IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INDUSTRIAL BANK, N.A., | ) |
| | ) |
|   Plaintiff and | ) |
|      Counterclaim Defendant, | ) No.: 07-cv-291 (RMC) |
| | ) |
|   v. | ) |
| | ) |
| UNITED STATES, et al., | ) |
| | ) |
|   Defendants and | ) |
|      Counterclaim Plaintiffs. | ) |

**UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

On March 10, 2008, the United States filed a fully supported motion for summary judgment and its statement of undisputed material facts. Industrial Bank filed its opposition to the United States' motion for summary judgment on April 10, 2008. The Bank did not file a statement of genuine issues of material fact as required by L. Cv. R. 7(h) and 56.1. In its opposition, the Bank asserts that it has priority over the United States' federal tax liens because: (1) it had properly perfected its security interest prior to the United States filing its notice of federal tax lien; and (2) the settlement between Nexgen and the Small Business Administration resulted from two "definite and enforceable" contracts. Both of these arguments are incorrect and were discussed at length in the United States' opposition to the Bank's motion for summary judgment.[1]

---

[1] The United States incorporates the arguments contained within its opposition to plaintiff's motion for summary judgment along with the Second Declaration of Benjamin J. Weir in this reply brief. To avoid creating a redundant record, the United

Further, the Bank's opposition did not address the United States' argument that it is entitled to the common law right of set-off. Industrial Bank has failed to meet its burden of showing that there is a genuine issue of material fact for trial.

> **I.    Industrial Bank has failed to follow the mandates of L.Cv. R. 7(h) and 56.1**

This Court "strictly adheres to the text of Local Civil rule 56.1." Smith v. Jackson, — F. Supp. 2d —, 2008 WL 623230 at *22 fn. 2 (D.D.C. Mar. 10, 2008). The rule seeks to "[isolate] the facts that the parties assert are material, [distinguish] disputed from undisputed facts, and [identify] the pertinent parts of the records" and to promote judicial efficiency because the district court "should not be obligated" to sift through the record to determine what, if any, genuine issues of material fact exist. Id.; Federal Insurance Co. v. Olawuni, — F. Supp. 2d —, 2008 WL 600258, at *5 (D.D.C. Mar. 6, 2008) (citations omitted).

Local Civil Rules 7(h) and 56.1, which are identical, state that:

> An opposition to [a motion for summary judgment] shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . . In determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

---

States not herein recopy the entirety of its related pleading or refile herewith the declaration.

The failure to file a statement of genuine issues permits the Court to assume that the movant's statement of undisputed facts is conceded.  Mulhern v. Gates, 525 F. Supp. 2d 174, 185 fn. 15 (D.D.C. 2007); Smith v. Jackson, 2008 WL 623230 at *22 fn. 2; Federal Insurance Co. v. Olawuni, 2008 WL 600258, at *5.

Industrial Bank has failed to file a statement of genuine issues in opposition to the United States' motion for summary judgment.  This Court should, therefore, adhere to the "strict" interpretation of the local rules and deem the United States' statement of undisputed material facts as conceded.  See Mulhern v. Gates, 525 F. Supp. 2d 174, 185 fn. 15 (D.D.C. 2007);   Smith v. Jackson, 2008 WL 623230 at *22 fn. 2; Federal Insurance Co. v. Olawuni, 2008 WL 600258, at *5.

**II.     The United States is entitled to the right of set-off**

The United States' motion for summary judgment established that Nexgen was indebted to the United States because of its outstanding tax liabilities.  (Def.'s Mot. Summ. J. 9-10; Weir Decl. ¶¶ 5, 7, 9.)  The United States currently possesses an estimated $160,000, which constitutes the remainder of the settlement funds to which Nexgen had a reversionary interest.  (Def.'s Mot. Summ. J. 9-10; Klein Decl. ¶ 23.)  As such, the United States is entitled to the right of set-off, also known as offset, regarding the remaining settlement funds.  United States v. Munsey Trust Co., 332 U.S. 234 (1947); Glassman Construction Co. v. Casualty Co., 356 F.2d 340, 342 n. 1(D.C. Cir. 1965).

Industrial Bank's opposition did not address the United States' right of set-off.

The Bank has, therefore, failed to meet its burden of proof to create a triable issue of genuine fact requiring trial.

### III. The Bank's security interests have expired

Industrial Bank seeks to overcome the United States' motion for summary judgment by claiming that it has a perfected security interest[2], evidenced by initial financing statements filed in Maryland and the District of Columbia. (Pl.'s Opp. 2.) As discussed at length in the United States' opposition to plaintiff's motion for summary judgment, the Bank's financing statements have, in fact, expired. (Def.'s Opp. 2-5; Second Weir Decl.) Industrial Bank, therefore, does not have a perfected security interest in the settlement proceeds. (Id.) As a result, Industrial Bank cannot claim priority as a security interest holder pursuant to 26 U.S.C. § 6323(a) or "super-priority" protection from a commercial transaction financing agreement pursuant to 26 U.S.C. § 6323(c). (Id at 2-5, 7-8.)

### IV. Industrial Bank is not a judgment lien creditor under federal or Maryland state law

The Bank claims that it had a "specific and choate" security interest in Nexgen's collateral immediately upon obtaining its "confessed judgment" against Nexgen. (Pl.'s Opp. 7.) This assertion is incorrect under both Maryland and federal law.

---

[2]At the time the United States filed its motion for summary judgment, it did not have evidence sufficient to establish the absence of a triable issue of genuine fact regarding whether the Bank had properly filed its financing and continuation statements. Subsequent to filing its motion, however, the United States obtained records from Maryland and the District of Columbia establishing that Industrial Bank's financing statements lapsed.

Maryland law provides that a "writ of execution on a money judgment does not become a lien on the personal property of the defendant until an actual levy is made. The lien extends only to the property included in the levy." Md. Code Ann. Cts. & Jud. Proc. § 11-403. Industrial Bank has admitted that it "agreed not to levy on its judgment." (Pl.'s Mem. of Law 2-3.) As a result, the Bank's "confessed judgment" does not even qualify as a lien under Maryland law, let alone qualify as a secured interest. (See Def.'s Opp. 5-6.)

To be afforded priority as a judgment lien creditor pursuant to 26 U.S.C. § 6323(a), a party must have a perfected lien on the property involved. If levy or seizure is required under local law, a party cannot be afforded priority protection under 26 U.S.C. § 6323(a) until the judgment lien is perfected under local law. See 26 C.F.R. § 301.6323(h)-1(g). The Bank's failure to levy on Nexgen's property means that it did not have a perfected lien under Maryland law and, ergo, it does not meet the requirements to be afforded priority as a judgment lien creditor pursuant to 26 U.S.C. § 6323(a). (See Def.'s Opp. 5-6.)

### V.    The contract between Nexgen and the SBA did not require the SBA to make any payments to Nexgen

Assuming, *arguendo*, that Industrial Bank had a security interest and/or lien regarding Nexgen's interests in the settlement fund, its claims regarding the nature of the contracts are incorrect. Plaintiff states that "The SBA and Nexgen 'promised under a binding agreement [] to render . . . services in exchange for payment.[sic]' and 'either

party's failure to fulfill its promise would subject that party to suit for breach of contract.'" (Pl.'s Opp. 4.) (quoting Breman Bank & Trust Co. v. United States, 131 F.3d 1259, 1265 (8th Cir. 1997).

Therefore, the contracts form the crux of Industrial Bank's claim - the SBA was purportedly contractually obligated to make payments to Nexgen pursuant to the contracts in exchange for services rendered. However, Industrial Bank failed to attach the contracts to its complaint, or introduce them into evidence in its motion for summary judgment or opposition to the United States' motion for summary judgment.[3] Put simply, Industrial Bank failed to submit any facts or evidence establishing that Nexgen was to render "services in exchange for payment" from the SBA. Instead, the Bank cites the settlement agreement's preamble as definitive proof that the contracts created a binding agreement for Nexgen to render services in exchange for payment from the SBA.[4] (Pl.'s Opp. 4-5.) This ignores the factual record in this case.

The contracts between Nexgen and the SBA were "no cost" contracts whereby the SBA was not required to make any payments to Nexgen. (Klein Decl. ¶ 7, 11, 14.) Prior to the contracts' termination, the SBA made no payments to Nexgen pursuant to

---

[3] The United States introduced the contracts as part of its motion for summary judgment in the Klein declaration to establish that the contracts did not obligate the SBA to make any payments to Nexgen.

[4] For the reasons discussed *infra*, this assertion is contrary to the record in this case. Further, Industrial Bank ignores that the settlement agreement additionally released claims arising out of the SBA Exchange Program and Nexgen's contracts with the third party small business participants in the electronic procurement site. (Klein Decl. Ex. 104 ¶ 12.) Further, the settlement agreement released claims for defamation and exemplary damages. (Id.)

the contracts. (Klein Decl. ¶¶ 8, 12, 15.) Nexgen received payments directly from participants in its electronic marketplace, rather than from the SBA. (Klein Decl. ¶ 4.)

Plaintiff has submitted no affidavit, document or admissible evidence contradicting that the contracts were "no cost" to the SBA and that they contained no provisions whereby the SBA was required to make payments to Nexgen. Rather it states, based on a dearth of support[5], that this is "an absurd interpretation of the contracts." (Pl.'s Opp. 4.) As such, they have not met their burden of proof to counter the United States' fully supported motion for summary judgment. See Frazza v. United States, No. 06-1410, U.S. Dist. LEXIS 794 at *20 (D.D.C. Jan. 7, 2008) (stating that the non-movant must show by its "own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'") (quoting Celotex Corp., 477 U.S. 317, 324 (1986)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (To establish a triable issue of fact, the non-moving party "must establish more than the 'mere existence of a scintilla of evidence' in support of its position.")

---

[5] The Bank's reliance on In re: Dorrough, Parks & Co., 185 B.R. 46 (E.D. Tenn. 1995) is also misplaced as the facts are readily distinguishable. First, the appellee in Dorrough had a valid security interest regarding the taxpayer's after acquired property and qualified for priority protection pursuant to 26 U.S.C. § 6323(c). Dorrough, 185 B.R. at 47-48. As discussed in section II, *supra*, the Bank has no such interest or priority. Second, the contract at issue was an oral agreement regarding defined services for which payment would be later set "in accordance with the 'customary practice'" of the industry. Id. at 48. Here, the contracts did not contemplate any payment by the SBA to Nexgen. (See section IV; Klein Decl.)

## Conclusion

Industrial Bank failed to file a statement of genuine issues as required by local civil rules 7(h) and 56.1, therefore this Court should construe the United States' statement of undisputed facts as conceded. Additionally, the United States' motion for summary judgment and opposition to Industrial Bank's motion for summary judgment, and the attachments filed therewith, establish that no triable issues of genuine fact exist in this case.

First, the United States is entitled to the right of set-off, which Industrial Bank did not oppose. Second, Industrial Bank's security interest has lapsed, so it cannot claim priority protection pursuant to 26 U.S.C. § 6323(a) or "super-priority" protection pursuant to 26 U.S.C. § 6323(c). Third, the Bank's "confessed judgment" does not fulfill the requirements of both Maryland and federal law to become a lien or security interest. As a result, the Bank cannot claim priority pursuant to 26 U.S.C. § 6323(a) as a judgment lien creditor. The United States' motion for summary judgment should be granted in full.

Dated: April 25, 2008

                                       Respectfully submitted,

                                       /s/ Benjamin J. Weir
                                       BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                       Trial Attorney, Tax Division
                                       U.S. Department of Justice
                                       Post Office Box 227
                                       Ben Franklin Station
                                       Washington, D.C.  20044
                                       Telephone: (202) 307-0855
                                       Fax: (202) 514-6866
                                       benjamin.j.weir@usdoj.gov
                                       *Counsel for United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

3226767.1

## CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on April 25, 2008, I caused a copy of the foregoing memorandum of law in support of the United States' motion for summary judgment to be served upon the following via the Court's ECF protocol:

>Alan M. Grochal
>Toyja E. Kelley
>Tydings & Rosenberg, LLP
>100 East Pratt Street, 26th floor
>Baltimore, Maryland 21202
>agrochal@tydingslaw.com
>tkelley@tydingslaw.com.


>/s/Benjamin J. Weir
>BENJAMIN J. WEIR