**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **INDUSTRIAL BANK, N.A.** | * |
|     **Plaintiff/Counter-Defendant** | * |
| v. | *   Civil Action No. 07-CV- 00291 RMC |
| **UNITED STATES OF AMERICA, et al.** | * |
|     **Defendants/Counter-Plaintiffs** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**INDUSTRIAL BANK, N.A.'S REPLY TO OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Industrial Bank, N.A. ("Bank"), by undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, files this reply to the Internal Revenue Service's ("IRS") opposition to the Bank's motion for summary judgment and states as follows:

**Argument**

The Bank, by virtue of its preexisting security agreements, properly perfected lien, **confessed judgment**, and subsequent forbearance agreements, has a superior claim than the IRS to the proceeds of a settlement agreement ("Settlement Agreement") between the Small Business Administration ("SBA") and Nexgen Solutions, Inc. ("Nexgen").

**I.**     **The Bank's Perfected Security Interest in Nexgen's Collateral Remains Effective**

The IRS' federal tax liens against Nexgen do not take priority over the Bank's security interest in the proceeds of the Settlement Agreement. The Bank's security interest in Nexgen's collateral takes priority because the Bank obtained a **confessed judgment** while its security interest was properly perfected.

The Bank perfected its interest in Nexgen's collateral by filing a UCC-1 financing statement with the Maryland State Department of Assessments and Taxation on July 16, 1997. *See* Ex. 2 of Bank's Motion for Summary Judgment ("Bank's Motion"). The financing statement remained effective until July 15, 2002. *See* Md. Code Ann., Com. Law § 9-515(a) (stating "a filed financing statement is effective for a period of five years after the date of filing"). Upon default, the Bank, while its financing statement was effective, exercised its rights under the loan documents as a perfected secured creditor and filed a Complaint for Confession of Judgment against Nexgen in the Circuit Court for Montgomery County, Maryland. *See* Md. Code Ann., Com. Law § 9-601(a) (stating a secured party may reduce its claim to judgment after default). The Circuit Court for Montgomery County entered a judgment by confession against Nexgen on September 1, 2000. *See* Ex. 3 of Bank's Motion.

As a result of this judgment, the Bank's security interest remains effective against Nexgen and takes priority over the IRS' federal tax liens. Under Maryland law, "[i]f a secured party reduces its claim to judgment, the lien of any levy that may be made upon the collateral by virtue of execution based upon the judgment **relates back to** the earliest of . . . [t]he date of perfection of the security interest . . . [or] [t]he date of filing a financing statement covering the collateral." Md. Code Ann., Com. Law § 9-601(a) and (e) (emphasis added). The clear implication from this section is that a secured party is not required to levy upon the debtor's property to maintain the effectiveness of its security interest. In other words, a judicial lien obtained during the period of perfection nullifies the requirement for a secured party to file a continuation statement. *See id.,* cmt. 6 (stating "that any judicial lien that the secured party may acquire against the collateral effectively is a continuation of the original security interest (if perfected)"). The purpose of section 9-601(a) and (e) is to provide "a secured party who

enforces a security interest by judicial process with the benefit of the 'first-to-file-or-perfect' priority rule." *Id.*; *see also Travelers Ins. Co. v. First Nat'l Bank of Blue Island*, 621 N.E.2d 209, 215 (Ill. 1993) (holding that secured party's UCC-1 financing statement did not lapse by that party's failure to file a UCC-3 continuation statement within five years because the relative rights of the parties became fixed when the secured party instituted foreclosure action) (citing *Avant Petroleum, Inc. v. Banque Paribas*, 853 F.2d 140 (2d Cir. 1988)).

Accordingly, the Bank holds an enforceable security interest protected under Maryland law, which is entitled to super-priority protection afforded by 26 U.S.C. § 6323(c). *See Breman v. Bank & Trust Co.*, 131 F.3d 1259, 1264 n.1 (8th Cir. 1997) (stating that "[f]or purposes of § 6323, a 'security interest' is actually what is more commonly understood as a perfected security interest"); 26 U.S.C. § 6323(h)(1) (defining security interest as "any interest in property acquired by contract for the purpose of securing payment or performance of an obligation . . . [which] has become protected under local law against a subsequent judgment lien arising out of an unsecured obligation").

In addition, the Bank's security interest, contrary to the IRS' argument, does not fail the federal standard of "choateness." The Bank's security interest, by virtue of its security agreement, financing statement and **judgment**, identifies the lienor, the property subject to the lien, and the amount of the lien. *See Blachy v. Butcher*, 221 F.3d 896, 905 (6th Cir. 2000) (stating "[a] state-created lien is choate only when 'there is nothing more to be done,' i.e., 'when the identity of the lienor, the property subject to the lien, and the amount of the lien are established'"). The Bank's judgment against Nexgen continues the effectiveness of its original security interest and does not operate to create a new interest. Md. Code Ann., Com. Law § 9-601, cmt. 6 (stating that judgment lien obtained by secured party (if perfected) "is a continuation

of the original security interest . . . and not the acquisition of a new interest"). A secured party who obtains a judgment during the period of perfection is not a judgment creditor, so that party does not have to levy on that judgment to perfect its security interest. Therefore, the Bank's security interest in Nexgen's property is choate and takes priority over the IRS' federal tax liens.

## II.     The IRS' Tax Lien Filings Were Not Properly Filed

The Bank's security interest in Nexgen's collateral also takes priority because the IRS failed to properly file its notices of tax lien. The IRS' tax liens could not be superior to the Bank's security interest until notice is properly filed. 26 U.S.C. § 6323(a). A tax lien filing is only deemed proper if it is filed in the office designated by the State where the property subject to the lien is situated. 26 U.S.C. § 6323(f)(1)(A)(ii). In Maryland, a notice of tax lien must be filed "with the clerk of the circuit court for the county where the property that is subject to the lien is located." Md. Code Ann., Tax-Gen. § 13-807. The property subject to the lien is deemed to be situated "at the residence of the taxpayer at the time the notice of lien is filed. . . . [, which is] the place at which the **principal executive office** of the business is located"). 26 U.S.C. § 6323(f)(2)(B) (emphasis added).

The IRS' tax lien filings were not properly filed with the clerk of the circuit court for the county where the property subject to the lien was situated. *See U.S. v. Webster Record Corp.*, 208 F. Supp. 412, 415 (S.D.N.Y. 1962) (stating that in order to perfect its lien, the IRS is required to file its notices of tax lien "at the place within the state which is officially designated in the articles of organization as its principal place of business"). The IRS filed its notices of tax lien with the Clerk of the Circuit Court for Montgomery County on March 17, 2004, and December 15, 2005. *See* Ex. 8 of Bank's Motion. Upon information and belief, the "property subject to the lien" was located in Prince George's County -- not Montgomery County -- at the

time the IRS filed its tax liens.[1] Consequently, the IRS' tax lien filings are not valid against the Bank. *See Webster Record Corp.*, 208 F. Supp. at 415-16 (denying the IRS' motion for summary judgment because "it[] fail[ed] to establish the easily ascertainable and essential fact as to the principal place of business in [debtor's] articles of organization").

### III.    Contracts Underlying the Settlement Agreement created a Right to Payment

The contracts between Nexgen and the SBA created a right to payment leading to the Settlement Agreement. The IRS' argument that Nexgen's right to payment is unsupported because the contracts were "no cost" is a red herring and irrelevant to the issues now before the Court. The only relevant, undisputed and operative facts are: (1) the contracts underlying the Settlement Agreement were between Nexgen and the SBA; (2) the contracts were executed **prior** to the IRS tax lien filings; (3) the contracts were terminated **prior** to the IRS tax lien filings; and (4) the Settlement Agreement **directly arose out of these contracts**. If these contracts did not create a right to payment leading to the Settlement Agreement, which the IRS argues, then the SBA would not have agreed to pay Nexgen $2.9 million to resolve all claims that arose under the contracts. *See* Ex. 4 of Bank's Motion.

### Conclusion

For the foregoing reasons, the Bank requests that this Court enter summary judgment in its favor and against the IRS. The Bank's security interest in Nexgen's collateral remains valid and takes priority over the IRS' federal tax liens because: (1) it obtained a judgment against Nexgen while its security interest was perfected; (2) the IRS' tax lien filings are not valid against the Bank; and (3) the Settlement Agreement arose out of two definite and enforceable pre-

---

[1] The Bank has attempted to confirm the location of Nexgen's "principal executive office" in an affidavit from Edward Howlette, President of Nexgen, but has not been able to do so in time to file this reply.

existing contracts, which were executed and terminated prior to the IRS filing any notice of tax lien.

Dated: <u>April 25, 2008</u>               /s/_____
                                            Alan M. Grochal, D.C. Bar No. 315218
                                            Toyja E. Kelley, D.C. Bar No. 482977
                                            **TYDINGS & ROSENBERG LLP**
                                            100 East Pratt Street, 26th Floor
                                            Baltimore, Maryland 21202
                                            (410) 752-9700

                                            **Attorneys for Plaintiff/Counter-Defendant
                                            Industrial Bank, N.A.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of April, 2008, a copy of the foregoing Reply to Opposition to Motion for Summary Judgment was served electronically via the CM/ECF system:

                                            /s/_____
                                            Toyja E. Kelley